**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

WILLIE MCCONNELL,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondents.

CIVIL ACTION NO.: 6:16-cv-84
(CRIMINAL NO.: 6:04-CR-13)

## O R D E R

On June 27, 2016, Petitioner Willie McConnell filed a 28 U.S.C. § 2255 Motion, seeking to vacate his criminal sentence pursuant to Johnson v. United States, __ U.S. __, 135 S. Ct. 2551 (2015). (Doc. 1.) McConnell had previously filed a Section 2255 motion to vacate, which the Court had denied.[1] Thus, the Magistrate Judge issued a Report and Recommendation recommending that the Motion in this case be transferred to the Eleventh Circuit Court of Appeals in the interest of justice so that McConnell could timely seek leave to file a second or successive Section 2255. (Doc. 2). The Court adopted the Report on August 1, 2016 and the case was transferred to the Eleventh Circuit Court of Appeals. (Doc. 5). On August 10, 2016, however, the Eleventh Circuit denied McConnell leave to file a second or successive Section 2255 motion. (Doc. 9.)[2]

---

[1] See R & R and Order, United States v. McConnell, Case No. 6:04-cr-013 (S.D. Ga. Aug. 27, 2012 and Sept. 14, 2012), ECF Nos. 45, 47.

[2] Following the filing of this Petition and the Eleventh Circuit's denial of leave to file a second or successive petition, Petitioner filed a Motion to Reduce his Sentence pursuant to the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Motion, United States v. McConnell, Case No. 6:04-cr-13 (S.D. Ga. March 13, 2019), ECF No. 75. The Court granted that Motion and reduced Petitioner's sentence to

The Eleventh Circuit having denied McConnell's request for authorization to file a second or successive motion to vacate and this Court having already held that the instant Section 2255 Motion is a second or successive motion, the Court is without jurisdiction to entertain the Motion and it must be dismissed. Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003); see also 28 U.S.C. §§ 2255(h), 2244(b)(3)(A).

The Court must address the issue of whether to issue a certificate of appealability. Under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. See also 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336. Based on the above analysis of

---

time served. Order, United States v. McConnell, Case No. 6:04-cr-13 (March 14, 2019) ECF No. 77. This Order does not alter that ruling in any way.

2

McConnell's action and applying the certificate of appealability standards set forth above, the Court discerns no issues worthy of a certificate of appeal.

In light of the foregoing, the Court **DISMISSES** McConnell's 28 U.S.C. § 2255 Motion, (doc. 1), **DENIES** the issuance of a certificate of appealability, and **AUTHORIZES** and **DIRECTS** the Clerk of Court to enter an appropriate Judgment of Dismissal and close the case.

**SO ORDERED**, this 8th day of May, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA